

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8583 | **DATE** | 11-9-12 |
| **CASE TITLE** | Michael Dyson (#2012-0810089) v. Cook County Jail | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff either submitting a completed application or pre-paying the $350 filing fee. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint that states a valid claim. Plaintiff is given 30 days from the date of this order to both (1) either pre-pay the filing fee or submit a completed IFP application and (2) submit an amended complaint in accordance with this order. His failure to comply with this order will result in the summary dismissal of this case. The clerk is directed to send Plaintiff an IFP application and an amended complaint form.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Michael Dyson, currently confined at the Cook County Jail, has filed this civil rights suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was housed in Division Three of the jail for seven days in August 2012. During that time, he noticed large bugs in the shower; clogged shower drains, possibly with feces coming out; and a lack of cleaning materials. He states that his cell had no ventilation, no emergency medical button, and no drinking water. He further states that he lost weight due to the minimal nutrition provided to inmates. Plaintiff seeks to file his complaint *in forma pauperis* ("IFP").

Plaintiff's IFP application does not include a statement of his jail trust fund account, is incomplete, and thus must be denied. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows him to pay the filing fee with monthly deductions from his jail trust fund account. If the court grants a motion to proceed IFP, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must have the certificate part of the application filled out by an authorized officer and must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Although Plaintiff's IFP application contains a certificate from an authorized officer (which lists his average monthly deposit is $232.53 but his current balance is only $30.00), the application does not include a copy of his jail trust fund account statement. To proceed with this case, he must submit a completed application or prepay the $350 filing fee. His failure to do so will result in dismissal of this case. N.D. Ill. Local Rule 3.3(e).

The Court has conducted a preliminary review in accordance with 28 U.S.C. § 1915A (a district court must conduct a preliminary review of every complaint filed by a prisoner and dismiss it, if it fails to state a claim upon which the court can grant relief). Plaintiff's complaint cannot proceed as currently drafted. First, Plaintiff does not name a proper party as Defendant. The only named Defendant is the Cook County Jail, which is not an entity separate from Cook County and, thus, not a suable party that can be named as Defendant. *Castillo v. Cook*

| STATEMENT |
|---|

*County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). To proceed with this case, Plaintiff must name a suable party as Defendant, such as the person or persons who allegedly knew of yet disregarded the conditions Plaintiff experienced. If Plaintiff does not know the names of those persons, he may refer to them as John or Jane Doe and name a supervisory official who may be able to identify them.

Second, although the conditions Plaintiff describes were unpleasant, his allegations do not indicate that they were sufficiently severe to render his confinement unconstitutional. To state a claim of an unconstitutional condition of confinement, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the defendant acted with deliberate indifference to those conditions, i.e., that he actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008), quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994). Plaintiff states that he had to endure the above-described conditions for a period of seven days. Such a short duration of time indicates no constitutional violation. "The length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance"); *Thomas v. Illinois*, __ F.3d __, 2012 WL 4458347 at *2 (7th Cir. Sept. 27, 2012) ("how long the infestation continues" is a factor when determining whether a pest infestation amounted to an unconstitutional condition of confinement). In *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), the Seventh Circuit held that five to ten days confinement in a filthy, roach-infested cell without toilet paper, toothbrush or toothpaste, did not rise to the level of an unconstitutional condition of confinement. In *Morissette v. Peters*, 45 F.3d 1119, 1122–23 (7th Cir. 1995), ten days' confinement in a filthy cell without cleaning supplies was not unconstitutional.

Claims of adverse conditions for as short a period of time as Plaintiff's have been allowed to proceed only when the conditions were extreme. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in a cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). The conditions Plaintiff alleges do not rise to such a level.

The complaint is therefore dismissed without prejudice. If the conditions of Plaintiff's confinement were actually worse than what he currently alleges, Plaintiff may submit an amended complaint that, not only names a suable party as Defendant, but also clarifies that the conditions he endured amounted to an unconstitutional condition of confinement. Plaintiff given 30 days of the date of this order to file an acceptable amended complaint. His failure to comply may be construed as his decision not to proceed with this case and will result in dismissal. Plaintiff should write both the case number and the judge's name on an amended complaint, sign it, and return it to the Prisoner Correspondent. He must include a judge's copy and a sufficient number of copies for service on each Defendant.

Plaintiff is advised that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

*[Clerk's filing stamp: U.S. District Court, 12 NOV 13 PM 4:26]*